Tyson E. Logan, MT Bar #9478
THE SPENCE LAW FIRM, LLC
15 S. Jackson St., P.O. Box 548
Jackson, WY 83001
(307) 733-7290
(307) 733-5248 fax
logan@spencelawyers.com

James A. Manley, Esq.
Manley Law Firm
201 Fourth Avenue East
Polson, Montana 59860
(406) 883-6285
(406) 883-2861 fax
jimmanleylaw@centurytel.net

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### MISSOULA DIVISION

| | |
|---|---|
| DAVID K. MANN, individually; ELIZABETH S. MANN; DELANEY MANN; AND M.H.M., MINOR CHILD, BY AND THROUGH HER FATHER AND NEXT FRIEND, DAVID K. MANN, <br><br> PLAINTIFFS, <br><br> v. <br><br> REDMAN VAN & STORAGE CO., INC.; AND ROWDY B. ANDERSON, <br><br> DEFENDANTS. | Civil No. _____ <br><br><br> **PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I.  INTRODUCTION

On the night of July 8, 2008, Rowdy B. Anderson—driving a Redman Van & Storage Co., Inc. semi-truck and trailer without operable trailer lights—turned directly into the passenger side of the Mann family's Ford F-350 pickup truck, as Kelly Mann attempted to lawfully pass on the left.  The collision threw the Mann's truck off the road and caused serious injuries to the family in the truck. David Kelly Mann, Elizabeth S. Mann, Delaney Mann, and minor child M.H.M., by and through her father and next friend David K. Mann, bring this action for money damages against the defendants Redman Van & Storage Co., Inc., and Rowdy B. Anderson, who are responsible for causing their injuries and damages.

## II.  PARTIES

1.  Defendant Redman Van & Storage Company, Inc., is a Utah Corporation, with its principal office located at 2571 West 2590 South, Salt Lake City, UT 84119.  Its registered agent is John C. Eberhardt.

2.  Defendant Redman Van conducts business in the State of Montana through its regularly conducted business activities.

3.  As a corporation, Defendant Redman Van can only act through its directors, officers, employees, and agents.  As the employer of those who set policy and who are involved with its business operations, Defendant Redman Van is

responsible for the acts and omissions of its directors, officers, employees, and agents.

4.  Upon information and belief, Defendant Rowdy B. Anderson is a Montana resident, residing at 117 Hemlock, #11, Billings, MT 59101.

5.  At all times pertinent to the facts alleged herein, defendant Anderson was employed by defendant Redman Van.

6.  The acts and omissions alleged herein occurred while defendant Anderson was working within the scope and course of his employment for defendant Redman Van.

7.  Plaintiffs David K. Mann (Kelly), Elizabeth S. Mann, Delaney Mann, and minor child M.H.M. are residents of the State of California.

8.  M.H.M. is a minor child bringing this action by and through her father and next friend David K. Mann (pursuant to Federal Rules of Civil Procedure 17(c) and 5.2); initials (only) shall be used to identify M.H.M in this action.

### III.   JURISDICTION & VENUE

9.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

10. This Court is the proper venue for this action.  Pursuant to 28 U.S.C. § 1391 and United States District Court Local Rule 1.11, the proper venue for this cause of action is the United States District Court for the District of Montana, Missoula Division, because the claims arose in this judicial district and because the acts and omissions complained of occurred within Lake County, Montana.

### IV.   FACTS COMMON TO ALL CAUSES OF ACTION

11. In the dark of night on July 8, 2008, defendant Anderson crashed his semi-truck into the Mann family vehicle as they attempted to pass him on the left.

12. Anderson's Redman Van trailer was not lit and his brake and turn signals were not working.

13. Without operable trailer lights, and without ensuring that no cars were alongside his semi truck on the two-lane public highway, defendant Anderson made a left turn across Rocky Point Road when it was not safe to do so.

14. Defendant Anderson turned suddenly, and without warning, just as the Mann's attempted to lawfully pass on the left.  Both vehicles had been traveling southbound on the two-lane highway, Rocky Point Road, in Lake County, Montana.

15. Defendant's semi-truck struck the Mann's Ford F-350 pickup on the passenger-side.

16. The impact sent the Mann vehicle skidding off the east side of the highway, into an embankment near 34372 Rocky Point Road, Lake County, Montana.

17. The crash caused serious injuries to Kelly Mann, Elizabeth Mann, Delaney Mann, and minor child M.H.M., inside.

18. The Redman Van trailer turn signal lights were not illuminated at the time of the crash.

19. The Redman Van trailer brake lights were not illuminated at the time of the crash.

20. Because Defendant's trailer lights were not operable, the Mann's had no warning that Anderson would brake or attempt a left-turn across the road.

21. Kelly Mann swerved to try to avoid the sudden left turn by the semi-truck, but defendant Anderson continued making the left turn directly into the Mann vehicle's front passenger-side door.

22. With the Mann vehicle attempting to pass on the left—traveling the same direction, southbound, and alongside the Redman Van semi truck—defendant Anderson made a left turn when it was not safe to do so.

23. Anderson's failure to use ordinary care and negligent driving caused the crash and threw the Mann's truck off the highway. The vehicle finally came to a stop in an embankment on the east side of the highway.

24. Defendant Anderson attempted to fix the Redman Van trailer's inoperable lights after the crash, before the responding police officer arrived to the scene.

25. The trailer lights still were inoperable when the police officer arrived.

26. The vehicle involved in the crash was a 2002 Freightliner pulling a trailer (hereinafter "the semi-truck") with VIN 1FUJBBCG82PJ78048, and displaying Utah license plate number Z001315.

27. At the time of the crash, the vehicle was operated by and under the physical control of defendant Anderson.

28. At the time of the crash, defendant Anderson was operating Redman Van's semi-truck and enclosed trailer, and he was attempting to make a left hand turn into a customer's driveway; Anderson was working within the course and scope of his employment for defendant Redman Van.

29. At and around the time of the crash, the road was clear and dry with no defects or obstructions.

30. At and around the area of the crash, the road was straight and level.

31. At and around the time of the crash, the weather included clear skies, no precipitation, calm winds and good visibility.

32. Kelly Mann had the right to assume that defendant Anderson would act with reasonable care, and not turn into his vehicle, in the dark, without warning.

33. Kelly Mann was driving within the speed limit, his headlights were on, he indicated his intent to pass with his turn signal, and he was passing lawfully at the time defendant Anderson crashed into the passenger side of the Mann's vehicle.

34. Defendants' negligent, reckless, and malicious acts and omissions directly, legally, and proximately caused serious injuries and damages to Kelly Mann, Elizabeth Mann, Delaney Mann, and M.H.M., as more particularly set forth below in the section of this Complaint entitled "Damages."

### V.  First Cause of Action – all Plaintiffs
### Negligence
### Against Defendant Redman Van

35. Plaintiffs incorporate and adopt by reference all the facts and allegations above as though fully set forth herein.

36. Defendant Redman Van was independently negligent and is responsible for its own acts and ommisions.  This negligence includes, but is not necessarily limited to the following:

    a.  Sending a tractor-trailer out onto the roads of Montana—at night— without working trailer, brake, and/or signal lights;

    b.  Failure to use ordinary care;

    c.  Failure to act as an ordinarily prudent company would act under the circumstances;

---

    d. Negligent supervision of defendant Anderson, including but not limited to failing to prevent Anderson from driving without operable trailer lights;

    e. Negligent training of defendant Anderson, including but not limited to failing to train Anderson sufficiently that he would not drive a semi-truck and trailer at night without operable trailer lights;

    f. Failure to maintain the semi-truck and trailer in reasonable, safe, and operable condition;

    g. Failure to maintain and/or enforce adequate safety policies and procedures.

37. Defendant Redman Van is also vicariously responsible for the negligence of its employee—defendant Anderson—for those acts and ommissions occurring in the course and scope of his employment.

38. Defendant Anderson's negligence—within the course and scope of employment for Defendant Redman Van—is further detailed in Section VI of this complaint, below.

39. Defendant Redman Van's negligence was a substantial factor in bringing about Kelly Mann, Elizabeth Mann, Delaney Mann, and M.H.M.'s injuries.

40. Defendant Redman Van's negligent, reckless, tortious, and malicious acts and omissions directly, legally, and proximately caused serious injuries and damages to Kelly Mann, Elizabeth Mann, Delaney Mann, and M.H.M., as more particularly set forth below in the section of this Complaint entitled "Damages."

## VI.    SECOND CAUSE OF ACTION – ALL PLAINTIFFS
### NEGLIGENCE
### AGAINST DEFENDANT ANDERSON

41. Plaintiffs incorporate and adopt by reference all the facts and allegations above as though fully set forth herein.

42. Defendant Anderson was negligent.   This negligence includes, but is not necessarily limited to the following acts and ommissions:

   a.  Operating his vehicle without fully functioning and operable trailer lights, brake lights, and turn signals, as prohibited by MCA §§ 61-9-201, 204, 206, and 218;

   b.  Making a turn when it was not safe to do so, as prohibited by MCA § 61-8-336;

   c.  Failure to exercise reasonable care under the circumstances;

   d.  Failure to keep his vehicle under control;

   e.  Failure to maintain a proper and safe lookout under the circumstances;

   f.  Failure to drive his vehicle in a careful and prudent manner;

   g.  Failure to yield;

   h.  Careless driving, as prohibited in MCA § 61-8-302; and

   i.  Reckless driving, as prohibited by MCA § 61-8-301.

43. Defendant Redman Van is vicariously responsible for the negligence of Defendant Anderson for those acts and ommissions occurring during the course and scope of his employment.

44. Defendant Anderson's negligence was a substantial factor in bringing about Kelly Mann, Elizabeth Mann, Delaney Mann, and M.H.M.'s injuries.

45. Defendant's negligent, reckless, tortious, and malicious acts and omissions directly, legally, and proximately caused serious injuries and damages to Kelly Mann, Elizabeth Mann, Delaney Mann, and M.H.M., as more particularly set forth below in the section of this Complaint entitled "Damages."

## VII. THIRD CAUSE OF ACTION – PLAINTIFFS KELLY & ELIZABETH MANN LOSS OF SPOUSAL CONSORTIUM AGAINST DEFENDANTS REDMAN VAN & ANDERSON

46. Plaintiffs incorporate and adopt by reference all the facts and allegations above as though fully set forth herein.

47. Defendants' negligent, reckless, tortious, and malicious acts and omissions directly, legally, and proximately caused serious injuries and damages to Kelly Mann and Elizabeth Mann, husband and wife.

48. The injuries Kelly sustained in the truck crash that is the subject of this litigation have prevented him from his marital obligation of support for his wife Elizabeth; Kelly's injuries have caused Elizabeth injury, including but not limited to loss of spousal consortium and damaged marital relations.

49. The injuries Elizabeth sustained in the truck crash that is the subject of this litigation have prevented her from her marital obligation of support for her husband Kelly; Elizabeth's injuries have caused Kelly injury, including but not limited to loss of spousal consortium and damaged marital relations.

50. Kelly Mann and Elizabeth Mann's damages for losses of their marriage relations are more particularly set forth below in the section of this Complaint entitled "Damages."

### VIII.    FOURTH CAUSE OF ACTION – PLAINTIFFS KELLY & ELIZABETH MANN LOSS OF FILIAL CONSORTIUM AGAINST DEFENDANTS REDMAN VAN & ANDERSON

51. Plaintiffs incorporate and adopt by reference all the facts and allegations above as though fully set forth herein.

52. Prior to July 8, 2008, Kelly and Elizabeth Mann enjoyed extraordinarily close and interdependent relationships with their daughters, Delaney and M.H.M.

53. Defendants' negligent, reckless, tortious, and malicious acts and omissions directly, legally, and proximately caused serious injuries and damages to Kelly and Elizabeth Mann's daughters, Delaney Mann and M.H.M.

54. The injuries Delaney and M.H.M. sustained in the truck crash that is the subject of this litigation have seriously damaged the parent-child relationship between Kelly and Elizabeth and their daughters, Delaney and M.H.M.; Delaney and M.H.M.'s injuries have caused their parents, Kelly and Elizabeth, injuries, including but not limited to loss of filial consortium.

55. Kelly Mann and Elizabeth Mann's damages for losses of filial consortium are more particularly set forth below in the section of this Complaint entitled "Damages."

IX.     **FIFTH CAUSE OF ACTION – PLAINTIFFS DELANEY MANN AND M.H.M.**
**LOSS OF PARENTAL CONSORTIUM**
**AGAINST DEFENDANTS REDMAN VAN & ANDERSON**

56. Plaintiffs incorporate and adopt by reference all the facts and allegations above as though fully set forth herein.

57. Defendants' negligent, reckless, tortious, and malicious acts and omissions tortiously caused serious, permanent and disabling mental and/or physical injuries, compensable under Montana law, to Kelly Mann and Elizabeth Mann, the parents of Delaney Mann and M.H.M.

58. Kelly Mann and Elizabeth Mann's injuries are more particularly set forth below in the section of this Complaint entitled "Damages."

59. Kelly and Elizabeth's ultimate conditions of mental and/or physical impairment are so overwhelming and severe that these injuries have caused the parent-child relationships between both Kelly and Elizabeth, and their daughters Delaney and M.H.M., to be destroyed or nearly destroyed.

60. Delaney Mann and M.H.M. have suffered serious losses of parental consortium as a result.

61. Delaney Mann and M.H.M.'s damages for losses of their parental consortium with their parents are more particularly set forth below in the section of this Complaint entitled "Damages."

## X. SIXTH CAUSE OF ACTION – ALL PLAINTIFFS
### ACTUAL MALICE
### AGAINST DEFENDANTS REDMAN VAN AND ANDERSON

62. Plaintiffs incorporate and adopt by reference all the facts and allegations above as though fully set forth herein.

63. Upon information and belief, defendants Redman Van and Anderson disregarded facts that created a high probability of injury to the plaintiffs, and defendants either:  deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to the plaintiffs; or deliberately proceeded to act with indifference to the high probability of injury to the plaintiffs.

64. Such acts by Defendant Redman Van include, but are not limited to:

    a.  Knowingly sending a tractor-trailer out onto the roads of Montana—at night—without working trailer, brake, and/or signal lights;

    b.  Conscious failure to use ordinary care;

    c.  Conscious failure to act as an ordinarily prudent company would act under the circumstances;

    d.  Conscious failure to adequately hire, train, and supervise Anderson;

    e.  Conscious failure to maintain the semi-truck and trailer in reasonable, safe, and operable condition; and

    f.  Conscious failure to maintain and/or enforce adequate safety policies and procedures.

65. Such acts by Defendant Anderson include, but are not limited to:

a. Knowingly operating a vehicle without fully functioning and operable trailer lights, brake lights, and turn signals;

b. Consciously turning his vehicle into the opposite lane without determining that it was safe to do so;

c. Conscious failure to exercise reasonable care under the circumstances;

d. Conscious failure to keep his vehicle under control;

e. Conscious failure to maintain a proper and safe lookout under the circumstances; and

f. Conscious failure to drive his vehicle in a careful and prudent manner.

g. Failure to yield;

h. Careless driving, as prohibited in MCA 61-8-302; and

i. Reckless driving, as prohibited by MCA 61-8-301.

66. Defendants' negligent, reckless, and malicious acts and omissions, and actual malice, directly, legally, and proximately caused serious injuries and damages to Kelly Mann, Elizabeth Mann, Delaney Mann, and M.H.M., as more particularly set forth below in the section of this Complaint entitled "Damages."

67. Plaintiffs Kelly Mann, Elizabeth Mann, Delaney Mann, and M.H.M. are entitled to punitive damages pursuant to MCA §§ 27-1-221 and 222.

68. Plaintiffs seek punitive damages in this action for the sake of example and for the purpose of punishing Defendants, as further detailed in the section of this complaint entitled "Damages."

## XI. DAMAGES

69. Plaintiffs incorporate and adopt by reference all the facts and allegations above as though fully set forth herein.

70. As a direct and proximate result of the defendants' negligent, tortious, reckless, malicious, and otherwise wrongful acts and omissions, the plaintiffs suffered serious injuries.

71. Kelly Mann suffered injuries, including but not limited to:

   a. a dislocated left shoulder; shoulder impingement and anterior capsule (AC joint) injury; and rotator cuff/labral tear; and whiplash injury to cervical and lumbar spine;

   b. loss of his marriage relation (loss of consortium) because of injuries to his wife, Elizabeth Mann, including but not limited to:  support, aid, protection, affection and society; and

   c. loss of his parent-child relationship (loss of filial consortium) with each of his daughters, Delaney and M.H.M.

72. Kelly Mann seeks damages including, but not limited to, the following:

   a. Medical expenses, in an amount to be proved at trial;

   b. Lost wages and earning capacity in an amount to be proved at trial;

   c. Other pecuniary loss in an amount to be proved at trial;

   d. Physical, mental, and emotional pain and suffering damages, in an amount to be proved at trial;

   e. Loss of consortium of the marriage relationship with his wife Elizabeth Mann, including support, aid, protection, affection and society, in an amount to be proved at trial;

    f.   Loss of consortium of the parent-child relationship with his daughters Delaney Mann and M.H.M., in an amount to be proved at trial;

    g.   Exemplary and punitive damages in a reasonable amount to be proved at trial, sufficient to adequately punish the defendants and to serve as a deterrent and warning against future conduct of the type alleged in this complaint; and

    h.   Costs of this action and for other further relief as the court deems equitable and proper.

73. Elizabeth Mann suffered injuries, including but not limited to:

    a.   left shoulder and anterior capsule (AC joint) impingement and injury; rotator cuff and labral injury; neck/back sprains.

    b.   loss of her marriage relation (loss of consortium) because of injuries her husband, Kelly Mann, including but not limited to:  support, aid, protection, affection and society.

    c.   loss of her marriage relation (loss of consortium) because of injuries to her husband, Kelly Mann, including but not limited to:  support, aid, protection, affection and society; and

    d.   loss of her parent-child relationship (loss of filial consortium) with each of her daughters, Delaney and M.H.M.

74. Elizabeth Mann seeks damages including, but not limited to, the following:

    a.   Medical expenses, in an amount to be proved at trial;

    b.   Lost wages and earning capacity in an amount to be proved at trial;

    c.   Other pecuniary loss in an amount to be proved at trial;

    d.   Physical, mental, and emotional pain and suffering damages, in an amount to be proved at trial;

e. Loss of a chosen or possible course of life, and loss of enjoyment of life;

f. Loss of consortium of the marriage relationship with her husband Kelly Mann, including support, aid, protection, affection and society, in an amount to be proved at trial;

g. Loss of consortium of the parent-child relationship with her daughters Delaney Mann and M.H.M., in an amount to be proved at trial;

h. Exemplary and punitive damages in a reasonable amount to be proved at trial, sufficient to adequately punish the defendants and to serve as a deterrent and warning against future conduct of the type alleged in this complaint; and

i. Costs of this action and for other further relief as the court deems equitable and proper.

75. Delaney Mann suffered injuries, including but not limited to:

a. cervical, thoracic, and lumbar sprain/strains; and

b. loss of parental consortium.

76. Delaney Mann seeks damages including, but not limited to, the following:

a. Medical expenses, in an amount to be proved at trial;

b. Lost wages and earning capacity in an amount to be proved at trial;

c. Other pecuniary loss in an amount to be proved at trial;

d. Physical, mental, and emotional pain and suffering damages, in an amount to be proved at trial;

e. Loss of a chosen or possible course of life, and loss of enjoyment of life;

f. Loss of parental consortium, in an amount to be proved at trial;

g.  Exemplary and punitive damages in a reasonable amount to be proved at trial, sufficient to adequately punish the defendants and to serve as a deterrent and warning against future conduct of the type alleged in this complaint; and

h.  Costs of this action and for other further relief as the court deems equitable and proper.

77. M.H.M. suffered injuries, including but not limited to:

a.  concussion and traumatic brain injury; and

b.  loss of parental consortium.

78. M.H.M. seeks damages including, but not limited to, the following:

a.  Medical expenses, in an amount to be proved at trial;

b.  Lost wages and earning capacity in an amount to be proved at trial;

c.  Other pecuniary loss in an amount to be proved at trial;

d.  Physical, mental, and emotional pain and suffering damages, in an amount to be proved at trial;

e.  Loss of a chosen or possible course of life, and loss of enjoyment of life;

f.  Loss of parental consortium, in an amount to be proved at trial;

g.  Exemplary and punitive damages in a reasonable amount to be proved at trial, sufficient to adequately punish the defendants and to serve as a deterrent and warning against future conduct of the type alleged in this complaint; and

h.  Costs of this action and for other further relief as the court deems equitable and proper.

79. The defendants are liable in those damages as specified herein to each of the Plaintiffs.

WHEREFORE Plaintiffs request that this Court grant judgment as follows:

1. Judgment against the defendants for special damages in an amount consistent with the allegations contained herein and to be proven at trial;

2. Judgment against the defendants for general damages in an amount consistent with the allegations contained herein and to be proven at trial;

3. Judgment against the defendants for punitive damages in a fair and reasonable amount to be proven at trial; and

3. Judgment for costs, interest and such other and further relief as the Court deems just and equitable.

DATED this 16th day of November, 2010.

/s/ Tyson E. Logan
Tyson E. Logan, MT Bar #9478
THE SPENCE LAW FIRM, LLC
15 S. Jackson St., P.O. Box 548
Jackson, WY 83001
(307) 733-7290
(307) 733-5248 fax
logan@spencelawyers.com

James A. Manley, Esq.
Manley Law Firm
201 Fourth Avenue East

Polson, Montana 59860
(406) 883-6285
(406) 883-2861 fax
jimmanleylaw@centurytel.net

Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs David Kelly Mann, Elizabeth Mann, Delaney Mann, and M.H.M., minor child, by and through her father and next friend David Kelly Mann, by and through counsel, demand a jury trial to resolve this matter, and submit the requisite fee herewith.

DATED this  16th day of November, 2010.


/s/ Tyson E. Logan
Tyson E. Logan, MT Bar #9478
THE SPENCE LAW FIRM, LLC
15 S. Jackson St., P.O. Box 548
Jackson, WY 83001
(307) 733-7290
(307) 733-5248 fax
logan@spencelawyers.com

James A. Manley, Esq.
Manley Law Firm
201 Fourth Avenue East
Polson, Montana 59860
(406) 883-6285
(406) 883-2861 fax
jimmanleylaw@centurytel.net

Attorneys for Plaintiffs