Mel C. Orchard, III,
Tyson E. Logan, MT Bar #9478
THE SPENCE LAW FIRM, LLC
15 S. Jackson St., P.O. Box 548
Jackson, WY 83001
(307) 733-7290
(307) 733-5248 fax
orchard@spencelawyers.com
logan@spencelawyers.com

James A. Manley, Esq.
Manley Law Firm
201 Fourth Avenue East
Polson, Montana 59860
(406) 883-6285
(406) 883-2861 fax
jimmanleylaw@centurytel.net

Attorneys for Plaintiffs

Christian T. Nygren, Esq.
Christopher L. Decker, Esq.
MILDRAGOVICH, DALE,
STEINBRENNER & NYGREN
620 High Park Way
PO Box 4947
Missoula, Montana 59806
(406) 728-1455
(406) 549-7077 fax
nygren@bigskylawyers.com
cdecker@bigskylawyers.com

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### MISSOULA DIVISION

| | |
|---|---|
| DAVID K. MANN, individually; ELIZABETH S. MANN; DELANEY MANN; AND M.H.M., MINOR CHILD, BY AND THROUGH HER FATHER AND NEXT FRIEND, DAVID K. MANN,<br><br>PLAINTIFFS,<br><br>v.<br><br>REDMAN VAN & STORAGE CO., INC.; AND ROWDY B. ANDERSON,<br><br>DEFENDANTS. | Civil No. 10-128-M-DWM-JCL<br><br>**JOINT FINAL PRETRIAL ORDER** |

Pursuant to Fed.R.Civ.P. 16 and L.R. 16.4, the parties submit this Joint Final Pretrial Order to govern the course of trial in this matter.

I. **Nature of Action.**

This is a negligence and punitive damages claim against Redman Van & Storage Co., Inc. both for its direct and independent acts and for its vicarious liability of the negligence of its employee Rowdy Anderson – that arises out of the alleged negligent hiring and training of Anderson, and the motor vehicle crash that Anderson caused on July 8, 2008. Redman Van objects to a trial of Plaintiffs' alleged direct negligence claims. Plaintiffs claim Anderson turned left across the highway as Kelly Mann was attempting to lawfully pass the slower moving Redman Van tractor-trailer, crashing into the Mann vehicle without warning. Plaintiffs' punitive damages claim stems from Redman Van's alleged knowledge and intentional disregard of facts (specifically surrounding the hiring and failure to train or supervise Anderson) that created a high probability of harm to motorists on Montana's highways.

II. **Jurisdiction and Venue.**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states (California and Utah), and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

This Court is the proper venue for this action. Pursuant to 28 U.S.C. § 1391 and L.R. 1.11, the proper venue for this cause of action is the United States District Court for the District of Montana, Missoula Division, because the claims arose in this judicial district and because the acts and omissions complained of occurred within Lake County, Montana.

III. **Jury**

The case is set for trial before a jury of 7 persons. Plaintiffs believe trial of all issues to the jury is necessary. Redman Van objects to a trial of Plaintiffs' alleged direct negligence claims.

IV. **Agreed Facts.**

The following facts are agreed upon and require no proof.

1. Defendant Redman Van & Storage Company, Inc., is a Utah Corporation, with its principal office located at 2571 West 2590 South, Salt Lake City, UT 84119. Its registered agent is John C. Eberhardt.

2. Defendant Redman Van conducts business in the State of Montana through its regularly conducted business activities.

3. Anderson was working as a driver for Redman Van and the acts and omissions alleged occurred while he was driving on behalf of Redman Van.

4. Both vehicles involved in the crash were traveling southbound on Rocky Point Road.

5. The vehicle involved in the crash was a 2002 Freightliner pulling a trailer (hereinafter "the semi-truck") with VIN 1FUJBBCG82PJ78048, and displaying Utah license plate number Z001315.

6. Anderson was making a left hand turn and driving on behalf of Redman Van at the time of the crash.

7. At and around the time of the crash, the road was clear and dry with no defects or obstructions.

8. At and around the area of the crash, the road was straight and level.

9. At and around the time of the crash, the weather included clear skies, no precipitation, calm winds and good visibility.

### V. Elements of Liability

Plaintiffs' allege that their *prima facie* case consists of the following claims and elements:

**1. Negligence – Redman Van.** Defendant Redman Van was negligent.

(a) Redman Van owed a duty to the Manns, to act as a reasonable motor carrier / commercial

truck driving company, and not unnecessarily endanger the Manns and other motorists on the highways of Montana.

(b) Redman Van breached its duty to the Manns.  Defendant Redman Van was independently negligent and is responsible for its own acts and ommisions. This negligence includes, but is not necessarily limited to the following:

i. Sending a tractor-trailer out onto the roads of Montana—at night—without working trailer, brake, and/or signal lights;

ii. Failure to use ordinary care;

iii. Failure to act as an ordinarily prudent company would act under the circumstances;

iv. Negligent supervision of defendant Anderson, including but not limited to failing to prevent Anderson from driving without operable trailer lights;

v. Negligent training of defendant Anderson, including but not limited to failing to train Anderson sufficiently that he would not drive a semi-truck and trailer at night without operable trailer lights;

vi. Failure to maintain the semi-truck and trailer in reasonable, safe, and operable condition;

vii. Failure to maintain and/or enforce adequate safety policies and procedures.

viii. Failure to abide by Montana and Federal laws and regulations concerning the operation of tractor-trailers on the roadway.

(c) Plaintiffs were seriously injured as a result of the motor vehicle accident on July 8, 2008, and suffered damages as a result of Redman Van's negligent and malicious acts and omissions.

(d) Defendant Redman Van's negligence was a substantial factor in bringing about Kelly Mann, Elizabeth Mann, Delaney Mann, and M.H.M.'s injuries. Redman Van's negligence, both

independently and through its employee Anderson, causing the Plaintiffs' injuries and damages.

2. **Negligence – Anderson.** Defendant Anderson was negligent.

   (a) Anderson owed a duty to act as a reasonable commercial truck driver to not endanger other motorists, including the Manns, on the highways of Montana.

   (b) Anderson breached his duty to the Manns. Defendant Anderson's negligence includes, but is not limited to the following acts and omissions:

      a. Operating his vehicle without fully functioning and operable trailer lights, brake lights, and turn signals, as prohibited by MCA §§ 61-9-201, 204, 206, and 218;

      b. Making a turn when it was not safe to do so, as prohibited by MCA § 61-8-336;

      c. Failure to exercise reasonable care under the circumstances;

      d. Failure to keep his vehicle under control;

      e. Failure to maintain a proper and safe lookout under the circumstances;

      f. Failure to drive his vehicle in a careful and prudent manner;

      g. Failure to yield; and

      h. Careless driving, as prohibited in MCA § 61-8-302.

At the time of the crash, Anderson was acting in the course and scope of his employment as a truck driver for Redman Van. Redman Van is vicariously responsible for the negligence of its employee—defendant Anderson—for those acts and omissions occurring in the course and scope of his employment.

   (c) Plaintiffs were seriously injured as a result of the motor vehicle accident on July 8, 2008, and suffered damages as a result of defendants' negligent and malicious acts and omissions.

   (d) Anderson's negligence was a substantial factor in bringing about Kelly Mann, Elizabeth

Mann, Delaney Mann, and Makenzie Mann's injuries. Anderson's negligence caused the Plaintiffs' injuries and damages.

3. **Actual Malice.**

Plaintiffs allege that Defendant Redman Van disregarded facts that created a high probability of injury to the plaintiffs, and defendant either:  deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to the plaintiffs; or deliberately proceeded to act with indifference to the high probability of injury to the plaintiffs. Plaintiffs allege that such acts by Defendant Redman Van include, but are not limited to:

  a.  Conscious failure to use ordinary care;

  b.  Conscious failure to act as an ordinarily prudent company would act under the circumstances;

  c. Knowing failure to adequately hire, train, and supervise Anderson, at the time a 22-year old driver with no experience as a commercial truck driver, a history of at least 15 motor vehicle citations/convictions, a suspended drivers license, and no references;

  d. Knowing failure to maintain the semi-truck and trailer in reasonable, safe, and operable condition; and

  e. Knowing failure to maintain and/or enforce adequate safety policies and procedures.


**Plaintiffs allege the following acts in the record substantiate Plaintiffs' punitive damage claim against Redman Van & Storage Co., Inc**.  Prior to February 2008, when he approached Redman about a job as a commercial truck driver, Anderson had been convicted of careless driving (February 2, 2004); careless driving again (January 13, 2005); reckless driving (May 26, 2005); and reckless driving again, on June 13, 2005. (Plaintiffs' Statement of Genuine

6

Issues, Docket No. 38, ¶1). Anderson also had been convicted of speeding numerous times: speeding in a restricted speed zone, on January 22, 2003; speeding in a restricted speed zone on February 18, 2003; and exceeding restricted speed limit on November 14, 2003. (*Id.,* at ¶2). His driving record also included convictions for three (3) other moving vehicle citations – stop sign violation (June 6, 2004), following too closely (June 4, 2003), and failing to obey instructions of traffic control devices (January 24, 2003) - and five (5) convictions for operating a motor vehicle without insurance. (*Id.,* at ¶3). Anderson's commercial drivers license was revoked by the State of Montana as a habitual offender (for numerous motor vehicle citations/convictions) in 2005; his CDL was still revoked when he applied for a job with Redman in 2008. (*Id.,* at ¶7-8, 13).

Anderson also had been fired from at least one previous job for driving record-related problems, and another employer had disallowed him from driving commercial vehicles because of his driving history. (*Id.,* at 10-11). Redman President John Eberhardt recognized at least six (6) "red flags" before he hired Anderson: safety record, license, motor vehicle record, past experience, prior employers, and tendencies. (*Id.,* at ¶19-27). But Redman did not have any other candidates (other than Anderson) that would be willing to do the work. (*Id.,* at ¶ 29). Eberhardt decided to take a risk on Anderson, admitting that he was a "project" – Eberhardt hired him without making any effort to contact previous employers. (*Id.,* at ¶ 35, 37).

Redman hired Anderson and provided him with his own semi-truck and, initially, a 42-foot trailer. (*Id.,* at ¶48). Once Anderson passed his CDL test, he was given the green light as far as Redman was concerned. (*Id.,* at ¶49). No one from Redman did anything to help Anderson in terms of safe driving techniques, training, educating him on how to operate his new vehicle and trailer. (*Id.,* at ¶50). The safety training Redman provided to Anderson was less than 1 day of driving with Mike Caldwell, the Xerox delivery driver, and riding in Luke Powell's truck during

the first few weeks he was employed by Redman. (*Id.,* at ¶61).

Redman giving Anderson the "green light" to drive a full size semi-truck, even upgrading him from 42' to a 48' trailer within two or three months, without providing any safety training – constitutes, evidence of the company's conscious or intentional disregard of the high probability of injury to motorists on the Montana highways, including the Mann family. After hiring Anderson, Redman did not provide him any training. Redman knew that Anderson began driving, alone, on the State's highways, on multi-day trips.

Redman knowingly hired an inexperienced and repeatedly reckless driver. Redman disregarded public safety, putting motorists, including the Manns, at risk when they released Mr. Anderson onto the public roadways and highways, providing him virtually no safe driver training. Redman knew the danger, ignored it, and furthermore, increased the likelihood that someone would be hurt by allowing Anderson to drive.

### 3.  Loss of Spousal Consortium – Kelly and Elizabeth Mann

Plaintiffs allege Defendants' negligent, reckless, tortious, and malicious acts and omissions directly, legally, and proximately caused serious injuries and damages to Kelly Mann and Elizabeth Mann, husband and wife. The injuries Kelly sustained in the truck crash that is the subject of this litigation have prevented him from his marital obligation of support for his wife Elizabeth; Kelly's injuries have caused Elizabeth injury, including but not limited to loss of spousal consortium and damaged marital relations. The injuries Elizabeth sustained in the truck crash that is the subject of this litigation have prevented her from her marital obligation of support for her husband Kelly; Elizabeth's injuries have caused Kelly injury, including but not limited to loss of spousal consortium and damaged marital relations.

### 4. Loss of Filial Consortium

Plaintiffs allege that prior to July 8, 2008, Kelly and Elizabeth Mann enjoyed extraordinarily close and interdependent relationships with their daughters, Delaney and Makenzie. Defendants' negligent, reckless, tortious, and malicious acts and omissions directly, legally, and proximately caused serious injuries and damages to Kelly and Elizabeth Mann's daughters, Delaney Mann and Makenzie. The injuries Delaney and Makenzie sustained in the truck crash that is the subject of this litigation have seriously damaged the parent-child relationship between Kelly and Elizabeth and their daughters, Delaney and Makenzie; Delaney and Makenzie's injuries have caused their parents, Kelly and Elizabeth, injuries, including but not limited to loss of filial consortium.

### 1. Loss of Parental Consortium

Plaintiffs allege Defendants' negligent, reckless, tortious, and malicious acts and omissions tortiously caused serious, permanent and disabling mental and/or physical injuries, compensable under Montana law, to Kelly Mann and Elizabeth Mann, the parents of Delaney Mann and Makenzie. Kelly Mann and Elizabeth Mann's injuries are more particularly set forth below in the section of this Complaint entitled "Damages." Kelly and Elizabeth's ultimate conditions of mental and/or physical impairment are so overwhelming and severe that these injuries have caused the parent-child relationships between both Kelly and Elizabeth, and their daughters Delaney and Makenzie, to be destroyed or nearly destroyed. Delaney Mann and Makenzie Mann have suffered serious losses of parental consortium as a result.

## VI.   Defense Elements

The following are elements of defenses asserted by Defendants:

   a. Defendant Rowdy Anderson conformed to the applicable standards of care in driving the truck on the day of the accident.

  b. Defendant Redman Van & Storage Company, Inc. conformed to the applicable standards of care in hiring, training and supervising Rowdy Anderson.

  c. Defendant Redman Van & Storage Company, Inc. conformed to the applicable standard of care in maintaining the truck involved in the accident.

  d. Defendant Rowdy Anderson did not breach any duty owed to Plaintiffs.

  e. Defendant Rowdy Anderson was not the cause of any injury or damages to the Plaintiffs.

  f. Defendant Redman Van & Storage Co., Inc. was not the cause of any injury or damages to the Plaintiffs.

  g. Plaintiff David K. Mann was the cause of the accident at issue in this litigation.

  h. Plaintiff David K. Mann was comparatively at fault for his own injuries and damages because he failed to act with reasonable care at the time of and just prior to the accident. The sub-elements of this defense are:

    i. Plaintiff David K. Mann had a duty to drive his vehicle with reasonable care; Plaintiff David K. Maim breached that duty by failing to drive with reasonable care at the time of and just prior to the accident. Plaintiff David Kelly Mann's comparative negligence applies to the other named Plaintiffs.

  j. Plaintiffs' loss of consortium claims are not supported by the law or evidence.

### VII. Relief Sought

Plaintiffs claim special and general damages, including the following:

1. Kelly Mann seeks damages including, but not limited to, the following:

  a. Past and future medical expenses, in an amount to be proved at trial;

  b. Lost wages, past and future and loss of earning capacity in an amount to be proved at trial;

  c. Other pecuniary loss in an amount to be proved at trial;

10

    d. Physical, mental, and emotional pain and suffering damages, including loss of enjoyment of life and disability; in an amount to be proved at trial;

    e. Loss of consortium of the marriage relationship with his wife Elizabeth Mann, including support, aid, protection, affection and society, in an amount to be proved at trial;

    f. Loss of consortium of the parent-child relationship with his daughters Delaney Mann and Makenzie Mann, in an amount to be proved at trial;

    g. Exemplary and punitive damages in a reasonable amount to be proved at trial, sufficient to adequately punish the defendants and to serve as a deterrent and warning against future conduct of the type alleged in this complaint; and

    h. Costs of this action and for other further relief as the court deems equitable and proper.

2. Elizabeth Mann seeks damages including, but not limited to, the following:

    a. Past and future medical expenses, in an amount to be proved at trial;

    b. Lost wages, past and future and loss of earning capacity in an amount to be proved at trial;

    c. Other pecuniary loss in an amount to be proved at trial;

    d. Physical, mental, and emotional pain and suffering damages, including loss of enjoyment of life and disability; in an amount to be proved at trial;

    e. Loss of a chosen or possible course of life, and loss of enjoyment of life;

    f. Loss of consortium of the marriage relationship with her husband Kelly Mann, including support, aid, protection, affection and society, in an amount to be proved at trial;

    g. Loss of consortium of the parent-child relationship with her daughters Delaney Mann and Makenzie Mann, in an amount to be proved at trial;

    h. Exemplary and punitive damages in a reasonable amount to be proved at trial,

sufficient to adequately punish the defendants and to serve as a deterrent and warning against future conduct of the type alleged in this complaint; and

    i. Costs of this action and for other further relief as the court deems equitable and proper.

3. Delaney Mann seeks damages including, but not limited to, the following:

    a. Past and future medical expenses, in an amount to be proved at trial;

    b. Lost wages, past and future and loss of earning capacity in an amount to be proved at trial;

    c. Other pecuniary loss in an amount to be proved at trial;

    d. Physical, mental, and emotional pain and suffering damages, including loss of enjoyment of life and disability; in an amount to be proved at trial;

    e. Loss of a chosen or possible course of life, and loss of enjoyment of life;

    f. Loss of parental consortium, in an amount to be proved at trial;

    g. Exemplary and punitive damages in a reasonable amount to be proved at trial, sufficient to adequately punish the defendants and to serve as a deterrent and warning against future conduct of the type alleged in this complaint; and

    h. Costs of this action and for other further relief as the court deems equitable and proper.

4. Makenzie Mann seeks damages including, but not limited to, the following:

    a. Past and future medical expenses, in an amount to be proved at trial;

    b. Lost wages, past and future and loss of earning capacity in an amount to be proved at trial;

    c. Other pecuniary loss in an amount to be proved at trial;

    d. Physical, mental, and emotional pain and suffering damages, including loss of enjoyment of life and disability; in an amount to be proved at trial;

e. Loss of a chosen or possible course of life, and loss of enjoyment of life;

f. Loss of parental consortium, in an amount to be proved at trial;

g. Exemplary and punitive damages in a reasonable amount to be proved at trial, sufficient to adequately punish the defendants and to serve as a deterrent and warning against future conduct of the type alleged in this complaint; and

h. Costs of this action and for other further relief as the court deems equitable and proper.

## VIII. Legal Issues

Plaintiffs do not believe any significant legal issues remain to be resolved by this Court in advance of trial, as prior issues raised by Defendants were resolved by Judges Molloy and Lynch.

Defendants raise the following legal issues:

1. Whether Plaintiffs' loss of consortium claims are legally supportable.
2. Whether Plaintiffs' expert, Dr. Hipskind, may testify that the accident at issue in this litigation caused Makenzie Mann to suffer a brain injury.
3. Whether Plaintiffs' may maintain their claim against Redman Van for failure to maintain the tractor-trailer unit without expert testimony stating there was a breach of the standard of care.
4. Any other legal issues addressed in the parties' Trial Briefs or which arise during trial.

## IX. Dismissals

Plaintiffs intend to dismiss Defendant Rowdy B. Anderson from the case. Counsel for Redman Van and Rowdy Anderson has notified counsel for Plaintiffs that they object and will not stipulate to a dismissal without prejudice. Redman Van & Storage has previously admitted it is vicariously liable for the acts and omissions of Anderson—Plaintiffs contend Anderson is unnecessary to this litigation and should be dismissed by the court. Plaintiffs will address this issue with the Court at the final pretrial hearing.

## X. Witnesses

Attached to this pretrial order are the following *separate* witness lists:

(a) Plaintiffs' will-call witnesses;

(b) Plaintiffs' may-call witnesses;

(c) Defendant's will-call witnesses;

(d) Defendant's may-call witnesses.

*Note:  plaintiffs and defendants have agreed to reserve objections on witnesses until the time of the pretrial hearing, as the parties have not had sufficient time to review and place objections.

## XI. Exhibits

Attached to this pretrial order are the following *separate* Exhibit Lists.  Objections not disclosed on the Exhibit Lists, other than objections under Rule 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the Court for good cause.

(a) Plaintiffs' will-offer exhibits;

(b) Plaintiffs' may-offer exhibits;

(c) Defendant's will-offer exhibits;

(d) Defendant's may-offer exhibits.

*Note:  plaintiffs and defendants have agreed to reserve objections on exhibits until the time of the pretrial hearing, as the parties have not had sufficient time to review and place objections.

## XII. Discovery Documents.

Plaintiffs reserve the right to offer any and all discovery documents, specifically including but not limited to the following discovery documents:   Defendant's response to

Interrogatory 14; and Defendant's response to Request for Admission 1. Defendants reserve the right to offer any and all discovery documents and responses.

### XIII. Deposition Excerpts and Summaries.

Plaintiff will show excerpts from the video depositions of Christine Wood, MD; Tal David, MD; and Mark McDonough, PhD. Wood -- page 8.1 through 14.3; page 14.16 through 23.5. McDonough -- page 6.17 through 12.11 page 12.21 through 43.4; page 53.5 through 54.18; page 61.12 through 62.4.

Defendant will show excerpts from the video deposition of Timothy Mead, all except 36.14 – 37.23; 57.22-59.20; 70.25-77.24. Defendant has reserved the right to designate portions of Dr. Wood and Dr. McDonough.

No summaries will be used.

### XIV. Estimate of Trial Time.

The parties estimate that Plaintiff will require 4 ½ days of trial time to complete their case in chief. Defendant estimates it will require 4 days to complete its case in chief. Plaintiffs will call 14 lay witnesses and 4 expert witnesses. Defendant will call 8 lay witnesses and 7 expert witnesses.

This Order supersedes the pleadings in this matter.

DATED this 10th day of January, 2012.

                                                _____
                                                Honorable Dana L. Christensen
                                                UNITED STATES DISTRICT JUDGE

Approved as to form and content:

__/s/_____          ____/s/_____
Mel C. Orchard, III                                    Christian Nygren
Tyson E. Logan                                        Christopher Decker

James Manley

Attorneys for Plaintiffs                             Attorneys for Defendants